IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DD&B CONSTRUCTION, INC., | § § § | |
| *Plaintiff*, | § § | 5-20-CV-00182-FB-RBF |
| vs. | § § § | |
| THE HANOVER INSURANCE COMPANY, | § § § | |
| *Defendant*. | § § § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the Motion to Dismiss filed by Third-Party Defendant PHG Stone Oak, LLC. *See* Dkt. No. 21. All pretrial matters in this action have been referred for resolution pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 6. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B).

Plaintiff DD&B Construction, Inc. sues Defendant (and Third-Party Plaintiff) The Hanover Company, seeking to recover under an insurance policy for remediation work DD&B performed on a construction project insured by Hanover and owned by PHG. Hanover contends that it paid out under the policy pursuant to a settlement between it and DD&B. But according to Hanover, it disbursed the proceeds to PHG—instead of DD&B—at PHG's instruction. As it is now being sued by DD&B for amounts it contends were already passed along to PHG with the understanding that they were intended for DD&B, Hanover asserts third-party claims against PHG in connection with the alleged failure to forward the payments to DD&B.

1

PHG's pending motion to dismiss addresses those third-party claims by Hanover against PHG. In the motion, PHG argues that Hanover's claims are barred by three affirmative defenses that PHG asserts, all of which are premised on the fact that PHG and DD&B settled their dispute with one another stemming from PHG's alleged failure to pay DD&B for work DD&B performed on the project. But PHG's motion doesn't establish that any of its affirmative defenses to Hanover's claims are valid as a matter of law due to that or any other settlement. Moreover, Hanover has also plausibly pled claims for breach of contract, conversion, promissory estoppel, and declaratory relief against PHG. Accordingly, the motion doesn't warrant the requested relief.

As set forth further below, the Motion, Dkt. No. 21, should be **DENIED**.

## Factual and Procedural Background

Third-Party Defendant PHG operates and invests in premium-branded extended-stay hotels, including the recently constructed Home 2 Suites by Hilton located in San Antonio, Texas. *See* 3rd Party Compl. ¶ 6 (Dkt. No. 17). Construction for the Home 2 Suites project spanned October 2016 through October 2019. *See id.* ¶¶ 7. Plaintiff DD&B Construction served as the project's general contractor, and Defendant (also a Third-Party Plaintiff) Hanover provided PHG with Builder's Risk insurance during construction. *See id.* ¶ 7-8. The facts recited next, except as otherwise specified, assume the truth of Hanover's allegations in its live pleading, which raises third-party claims by Hanover against PHG.

On July 4, 2018, the property suffered water damage caused by a sub-contractor's failure to properly secure a fire-suppression pipe. *See id.* ¶ 9. PHG, in response, filed a claim under the Hanover policy. *See id.* While Hanover investigated the claim, PHG retained DD&B to oversee repair and remediation work associated with the water damage. *See id.* ¶ 10. After completing its remediation work, DD&B submitted a final invoice to PHG for $386,463.97. *See id.* But PHG allegedly failed to pay for the remediation as well as other work that DD&B performed on the

project. *See id.* ¶ 11. Accordingly, on April 2, 2019, PHG filed a mechanics lien on the property. *See id.* (incorporating DD&B State Compl., lien, lien notice, and demand letter at Dkt. Nos. 17-2 at 1-4; 17-3 at 57-63, 17-4 at 1-3). On May 1, 2019—before Hanover resolved the still-pending insurance claim—DD&B sued PHG in state court for breach of contract and foreclosure of the lien. *See id.* In total, DD&B sought $1,409,642.40 in past-due compensation from PHG, including the amount invoiced for the remediation. *See id.*

Hanover wasn't a party to the state court litigation between DD&B and PHG. But on June 18, 2019, Hanover—in furtherance of its investigation and adjustment of PHG's remediation claims—negotiated a $195,000 final payment with DD&B in full settlement of any claims arising out of the July 4, 2018, leak. *See id.* ¶ 13 (incorporating Hanover-DD&B settlement at Dkt. No. 15-6). Despite Hanover's desire to directly remit the $195,000 to DD&B, PHG advised Hanover that the money should be issued to PHG. *See id.* ¶ 14. Specifically, in an email dated June 6, 2019, Lee Shuman, Vice President of Construction and Design for PHG, advised Hanover and DD&B that:

> This payment [$195,000] will have to come to PHG [not DD&B directly]. We are then required to send funds to our lender. Then we have to draw these funds and the lender must approve. The [sic] may require further back up to release the funds to DDB.

*Id.* Pursuant to these representations, Hanover made the check payable to PHG "under the guise that the funds would be delivered to DD&B." *Id.* ¶ 15.

On August 12, 2019, PHG and DD&B privately settled the state court litigation. *See id.* ¶ 12. Pursuant to PHG and DD&B's settlement, PHG paid $836,225.27 and DD&B released "any and all claims . . . relating to the [construction] Contract, lien, [state court] Lawsuit and the [Home2Suites construction] Project." *See id.* (incorporating PHG and DD&B Project Close Out Agreement at Dkt. No. 15-6 ¶ 9 ).

3

PHG never forwarded to DD&B the $195,000 it received from Hanover. *See id.* ¶ 16. Instead, PHG withheld the $195,000, contending that the funds were part of the overall PHG-DD&B state court settlement. *See id.* ¶¶ 16-17. To date, PHG refuses to remit the $195,000 to DD&B. *See id.* ¶ 18.

On January 15, 2020, DD&B sued Hanover in state court to recover the $386,463.97 associated with the remediation work it performed on the project. *See* DD&B Compl. (Dkt. No. 1-3). DD&B raises claims against Hanover for breach of contract and, in the alternative, quantum meruit. *See id.* Hanover removed the action to federal court, asserting diversity jurisdiction. *See* Dkt. No. 1. On July 14, 2020, Hanover filed a third-party complaint against PHG. *See* Dkt. No. 17.

Essentially, Hanover claims that PHG's refusal to remit the $195,000 to DD&B has resulted in DD&B instituting the instant action against Hanover. *See id.* Hanover raises third-party claims against PHG for breach of contract and conversion. Alternatively, in the event Hanover can't prove a legal contract with PHG, Hanover brings a third-party claim for promissory estoppel. *See id.* Finally, Hanover seeks a judgment declaring that "PHG is obligated and required to deliver the remediation payment of $195,000 to DD&B pursuant to its contractual obligation memorialized on June 6, 2019." *Id.*

PHG now moves to dismiss Hanover's third-party complaint. *See* Dkt. No. 21.

**Analysis**

PHG has failed to establish that DD&B and PHG's private settlement precludes, as a matter of law, any recovery by Hanover against PHG. Moreover, Hanover has pled sufficient facts to state plausible claims against PHG for breach of contract, conversion, promissory estoppel, and declaratory judgment.

  *A.* *The State Court Settlement Doesn't Necessarily Bar Hanover's Claims.*
Hanover's third-party claims, according to PHG, must be dismissed based on PHG's affirmative defenses of (1) release and waiver; (2) accord and satisfaction; and (3) res judicata. These defenses, to be clear, are asserted in defense of third-party claims brought by Hanover against PHG, not against claims brought by DD&B against PHG. In essence, PHG argues that because DD&B's claims against PHG for the work were settled, DD&B can't sue Hanover and Hanover, in turn, can't try to shift the blame to PHG via Hanover's third-party claims. But it's undisputed that Hanover wasn't a party to the state court lawsuit or the DD&B-PHG settlement, and, importantly, Hanover never released any claims it may have against PHG.

  PHG hasn't conclusively demonstrated at this juncture that the doctrines of release and waiver, accord and satisfaction, and res judicata must bar Hanover from recovering against PHG.[1] Whether and to what extent Hanover could ultimately be liable to DD&B for all or part of the remediation work appears—at least at this juncture—to be an issue between Hanover and DD&B. PHG has failed to convince the Court at this early stage that its potential liability to Hanover is foreclosed as a matter of law due to the PHG-DD&B's settlement. To do so, PHG must conclusively connect all the dots between its settlement with DD&B and Hanover's third-party claims against PHG. Its motion hasn't done that. At this stage it's not clear that PHG even

---

[1] *See, e.g.*, *Tyler v. Cedar Hill Indep. Sch. Dist.*, 426 F. App'x 306, 308 (5th Cir. 2011) (affirmative claim of release requires that the defendant—in the instant case, Third-Party Defendant PHG—establish that the plaintiff—here, Third-Party Plaintiff Hanover— signed a release that addresses the claims at issue); *Baylor Health Care Sys. v. Emp'rs Reins. Corp.*, 492 F.3d 318, 321 (5th Cir. 2007) (explaining that an accord and satisfaction exists when the parties—here PHG and Hanover—enter into a new contract, express or implied, which discharges the obligations under the original contract in a manner otherwise than as originally agreed); *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (res judicata precludes a party from litigating claims that either have been litigated or should have been litigated in an earlier suit only where the parties in the underlying action are identical or in privity).

has standing to challenge Hanover's liability to DD&B.[2] Accordingly, more work would be needed from PHG before dismissal pursuant to PHG's current arguments could be warranted.

      B.    *Hanover Pleads Sufficient Facts to Satisfy Rule 8(a)*. Hanover has also alleged sufficient facts to plausibly establish each element of its third-party claims. PHG's arguments to the contrary are unpersuasive.

      First, Hanover has pled a plausible claim for breach of contract. Hanover claims that (1) the June 6, 2019, e-mail from Shuman created a valid, enforceable agreement between Hanover and PHG; (2) Hanover performed under the agreement by tendering the $195,000 to PHG; (3) PHG breached the agreement by failing to remit the payment to DD&B; and (4) DD&B has now sued Hanover as a result of PHG's alleged breach. *See Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016) (discussing the elements for breach of contract under Texas law).

      Hanover has also pled a plausible claim for conversion. Hanover claims that (1) it owned the $195,000 at issue in its third-party complaint; (2) it tendered the $195,000 to PHG based solely on PHG's representation that PHG would remit the funds to DD&B *i.e.*, PHG wasn't otherwise entitled to possession of the funds; and (3) PHG refuses to remit the funds to DD&B or return them to Hanover and, instead, is withholding the funds for its own use. *See United States v. Boardwalk Motor Sports, Ltd.*, 692 F.3d 378, 381 (5th Cir. 2012) (discussing the elements needed to state a claim for conversion of money under Texas law); *Mitchell Energy Corp. v. Samson Res. Co.,* 80 F.3d 976, 984 (5th Cir. 1996) ("Where money is involved, it is

---

[2] *See, e.g.*, *Penda Corp. v. United States*, 44 F.3d 967 (Fed. Cir. 1994) (concluding that a contractor that had agreed to indemnify the government against liability for the claim in question, didn't have standing to appeal the money judgment against the government—notwithstanding its potential liability as an indemnitor).

subject to conversion only when it can be described or identified as a specific chattel, but not where an indebtedness may be discharged by the payment of money generally").

Hanover's alternative claim for promissory estoppel is similarly sufficient at this juncture. Hanover pleads that (1) PHG promised to remit the $195,000 to DD&B; (2) Hanover "reasonably" and "foreseeabl[y]" relied on the promise; and (3) Hanover substantially relied on the promise to its detriment *i.e*, it is now out $195,000 without the benefit of DD&B's bargained-for release. *See MetroplexCore, L.L.C. v. Parsons Transp., Inc*., 743 F.3d 964, 977 (5th Cir. 2014) (discussing the elements needed to prevail on a claim for promissory estoppel under Texas law).

Finally, a justiciable case or controversy exists between Hanover and PHG such that Hanover has stated a plausible claim for declaratory relief.[3]

## Conclusion and Recommendation

For the reasons discussed above, it is recommended that PHG's Motion to Dismiss, Dkt. No. 21, be **DENIED**.

## Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is

---

[3] Although Hanover's claim for declaratory judgment appears to be duplicative of its substantive claims, PHG hasn't moved for dismissal on this basis. Accordingly, the Court won't recommend the claim be dismissed at this juncture. *Cf. Carson v. Fed. Nat'l Mortg. Ass'n*, No. SA-11-CA-925-H, 2012 WL 13029757, at *2 (W.D. Tex. Jan. 26, 2012) ("When the request for a declaratory judgment adds nothing to an existing suit, and is merely duplicative of the substantive claims already at issue, the request for a declaratory judgment need not be entertained.").

modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 9th day of February, 2021.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE